IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD LUJEAN WILDEE,

    Petitioner,                    No. CIV S-07-0163 GEB DAD P

    vs.

WARDEN FELKER et al.,

    Respondents.              ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Since petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondents will be directed to file a response to petitioner's habeas petition.

        Petitioner has also filed numerous requests for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the

appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice require appointment of counsel at this time.  As such, petitioner's requests for appointment of counsel will be denied.

Finally, petitioner has filed a letter that states an evidentiary hearing should be ordered.  The court will construe the letter as a request for an evidentiary hearing.  Petitioner's request for an evidentiary hearing is premature.  The court will consider whether an evidentiary hearing is required after the record is complete.  See Rule 8, Fed. R. Governing § 2254 Cases. Therefore, petitioner's request for an evidentiary hearing will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. Respondents are directed to file a response to petitioner's habeas petition (docket #1) and memorandum in support of the petition (docket #10) within thirty days from the date of this order.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  See Rule 5, Fed. R. Governing § 2254 Cases;

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter;

5. The Clerk of the Court shall serve a copy of this order together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket #1) and a copy of the memorandum in support of the petition (docket #10) on Michael Patrick Farrell, Senior Assistant Attorney General;

6. Petitioner's requests for appointment of counsel filed on February 5, 2007, February 12, 2007, and February 20, 2007, are denied;

7. Petitioner's motion for appointment of counsel filed on February 12, 2007 is denied; and

8. Petitioner's February 20, 2007 request for an evidentiary hearing is denied as premature.

DATED: March 6, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wild0163.100.110