IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD LUJEAN WILDEE,

    Petitioner,                      No. CIV S-07-0163 GEB DAD P

    vs.

WARDEN FELKER, et al.,

    Respondents.                  ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 19, 2007, this court ordered respondents to file a response to the petition. On August 8, 2007, respondents filed a timely answer. On August 16, 2007, petitioner filed a reply. This case is now submitted for decision and in due course, the court will issue its findings and recommendations. Pending before the court are two nearly-identical requests from petitioner for access to his legal mail and to the prison law library. Respondents have filed an opposition to petitioner's requests. Petitioner has filed a reply.

        Petitioner's requests will be denied. First, as noted above, this matter has been submitted for decision. As such, petitioner is not required to submit any further legal briefing in pursuit of habeas relief. In addition, in his requests petitioner complains of the actions of correctional officers who are not parties to this habeas action. Petitioner is advised that this court

1

is unable to issue any order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Finally, petitioner is informed that habeas corpus proceedings are the proper mechanism only for a prisoner seeking to challenge the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  In contrast, a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement.  42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Petitioner's claims regarding access to his legal materials and the prison law library concern conditions of his confinement and therefore should be raised in a civil rights action if he wishes to pursue them.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's November 28, 2007 request is denied; and

2. Petitioner's December 3, 2007 request is denied.

DATED: March 13, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wild0163.misc

2