IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD LUJEAN WILDEE,

Petitioner, No. CIV S-07-0163 GEB DAD P

vs.

WARDEN FELKER, et al.,

Respondent. ORDER

_______________________________/

Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 19, 2007, this court ordered respondents to file a response to the amended petition. On August 8, 2007, respondents filed a timely answer. On August 16, 2007, petitioner filed a traverse. On August 17, 2007, petitioner filed a supplemental traverse. This case is now submitted for decision and in due course, the court will issue its findings and recommendations.

Pending before the court are several of petitioner's requests. First, petitioner has filed a document styled "Consideration" in which he requests that the court consider an attached declaration from his trial counsel, Mr. Robert J. Saria, wherein trial counsel declares that he represented petitioner during his criminal proceedings and learned that the fact that petitioner had sustained a reversal of a prior conviction was a factor in the District Attorney's Office refusal to

/////

make a determinate sentencing offer. Good cause appearing, the court will consider Mr. Saria's declaration to the extent that it is relevant to any of the claims in petitioner's amended petition.

Second, petitioner has filed a request for appointment of counsel. As the court previously advised petitioner, there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Third, petitioner has filed a request asking the court to consider the "preponderance of the evidence" he presented in his petition for a writ of habeas corpus. Petitioner contends that the facts therein cannot be denied or ignored and that the petition "speaks for itself." Petitioner is advised that his request is unnecessary. The court will thoroughly review and consider his allegations and claims, as well as the entire record in this case before issuing its findings and recommendations.

Fourth, petitioner has filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with additional claims challenging his sentence and the alleged ineffective assistance he received from his counsel. To the extent that petitioner seeks federal court review of additional claims, he is advised that habeas corpus petitions may be amended only as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242. Under Rule 15 of the Federal Rules of Civil Procedure, once an answer has been filed, a party may amend a pleading only by written consent of the adverse party or by leave of court. See Fed. R. Civ. P. 15(a). Here, petitioner has not obtained respondent's written consent to amend his pending petition, nor has he sought the court's leave to amend that petition. Accordingly, petitioner's June 19, 2008 petition for a writ of habeas corpus will be stricken.

/////

Finally, petitioner has filed a motion for consideration in which he requests that the court consider a Channel 3 news broadcast aired in Sacramento on August 8, 2008 in which, according to petitioner, the Sacramento Police Department allegedly admitted that it had a problem with racial profiling. Petitioner contends that the only reason police detained him was because he is African American. Petitioner also requests that the court consider an attached report containing Sacramento Police Department traffic stop data. Even assuming that petitioner's claim regarding his detention by police officers is not foreclosed by Stone v. Powell, 428 U.S. 465, 481-82 (1976), neither the news broadcast nor the report on racial profiling are relevant to determine whether petitioner is entitled to relief under the circumstances of this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's March 24, 2008 request for consideration (Doc. No. 55) is granted to the extent that Mr. Robert J. Saria's declaration is relevant to any of the claims in petitioner's amended petition;

2. Petitioner's May 12, 2008 request for appointment of counsel (Doc. No. 56) is denied;

3. Petitioner's May 12, 2008 request for consideration of the evidence presented in his petition for a writ of habeas corpus (Doc. No. 57) is denied as unnecessary;

4. Petitioner's June 19, 2008 petition for a writ of habeas corpus (Doc. No. 58) is stricken; and

5. Petitioner's August 25, 2008 motion for consideration of a Channel 3 news broadcast and report on racial profiling (Doc. No. 59) is denied.

DATED: November 5, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wild0163.misc